UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-23296-CIV-SCOLA

ALBERTO JOSE GONZALEZ et al.,

    Plaintiffs,

v.

METROPOLITAN DELIVERY
CORPORATION et al.,

    Defendants.
_____/

## ORDER ON MOTION TO BIFURCATE

THIS MATTER is before the Court on the Amended Motion for an Order Bifurcating Trial on the Issues of Liability and Damages [ECF No. 46], filed by Defendants Metropolitan Delivery Corporation, Maria Galo, and Jose Galo. Having considered the relevant factors and the parties' arguments, the Court finds bifurcation of the issues of liability and damages not appropriate in this case.

Bifurcation is the exception, rather than the rule. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1346 (S.D. Fla. 2008). Federal Rule of Civil Procedure 42(b) provides for the bifurcation of matters only where it would "further convenience, avoid prejudice, or promote efficiency." *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). The movant bears the burden to show that bifurcation is warranted, *see Brown*, 630 F. Supp. 2d at 1346, and ultimately the decision to bifurcate is committed to the district court's sound discretion, *see Griffin*, 261 F.3d at 1301.

This appears to be a run of the mill Fair Labor Standards Act ("FLSA") case involving whether Defendants are required to pay overtime for work performed by Plaintiffs during their daily break periods. Yet, Defendants argue in conclusory fashion that "liability turns on a narrow issue and supposed damages are difficult to evaluate" because records were not maintained and Plaintiffs may have worked some of the time during their breaks and engaged in leisure activities during the rest of the time. Mot. at 2, 3-4. Thus, according to Defendants, it makes sense to bifurcate the trial into liability and damages phases in this case.

These arguments fail to persuade. Defendants have not demonstrated that there is anything special about this case, apart from any other FLSA case, that would justify bifurcation of liability and damages. *See Malone v. Pipefitters' Ass'n Local Union No. 597*, 1992 WL 73520, at *1 (N.D. Ill. Mar. 30, 1992) ("The [defendant] has not convincingly demonstrated that this case is any different from the run of the mill case, in which the defendant would of course prefer a bifurcated trial in the hope that a favorable verdict on liability would bring the trial to a more speedy conclusion. This is not a complex case[.]"). In particular, the Court finds that evidence and (as Plaintiffs submit) witnesses may well overlap on the issues of liability and damages. Further, the Court disagrees that there is potential for juror confusion here; however, even accepting this argument, Defendants have not shown that any arguable prejudice could not be effectively addressed by an appropriate limiting instruction. *See Brown*, 630 F. Supp. 2d at 1348. Finally, the Court concludes that bifurcation would not result in significant savings of judicial and litigant economy.

Accordingly, for these reasons, it is hereby **ORDERED and ADJUDGED** that this Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 5, 2012.

_____
**ROBERT N. SCOLA, JR**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record