UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23296-CIV-SCOLA

ALBERTO JOSE GONZALEZ et al.,

        Plaintiffs,

v.

METROPOLITAN DELIVERY
CORPORATION et al.,

        Defendants.
_____ /

## ORDER ON MOTION IN LIMINE NO. 3

THIS MATTER is before the Court on Motion in Limine No. 3 [ECF No. 75], filed by Defendants Metropolitan Delivery Corp. ("Metropolitan"), Maria Galo, and Jose Galo. For the reasons set forth below, this Motion is granted in part and denied in part.

## Introduction

In this case, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime for work allegedly performed during the Plaintiffs' on-call break periods, which lasted from approximately 12 noon until 3 p.m. each afternoon. The Court granted partially summary judgment to the Defendants on the primary issue of whether Plaintiffs' daily on-call break periods constituted compensable working time under the law. The Court found that the restrictions in place during the break periods did not transform that time into working time and that no jury could conclude otherwise. *See Birdwell v. City of Gadsen*, 970 F.2d 802, 807 (11th Cir. 1992).

As to whether Plaintiffs were properly compensated for all time actually worked, however, the Court denied summary judgment due to disputed issues of material fact. While the Court agreed that the undisputed record confirms Plaintiffs were fully paid, both regular time and overtime, for all working time recorded and submitted on their timesheets, the Court recognized there is also evidence to the effect that Plaintiffs were engaged in actual work during break time for which they allegedly received no wages. *See* Gonzalez Dep. at 40, 45-46; Diaz Dep. at 39-41; Huaman Dep. at 43, 45. The Court recognizes that all three Plaintiffs provided testimony at

deposition that, to varying degrees, contradicts the above cited testimony.  For example, each Plaintiff testified that they recorded all their working time and were fully paid for it.  *See* Gonzalez Dep. at 36; Diaz Dep. at 23; Huaman Dep. at 28.  Over and over again.  *See* Gonzalez Dep. at 38-39, 41-42; Diaz Dep. at 30-32; Huaman Dep. at 30, 37-38, 42, 45.  Yet, it is equally clear that other testimony, cited above, supports an inference that Plaintiffs worked during their break time and did not report it to Defendants for fear of being disciplined or fired, or for some other reason.  *See, e.g.*, Gonzalez Dep. at 32.

Such evidence was enough to preclude summary judgment.  In order to streamline matters for trial, Plaintiffs were directed to provide Defendants with calculations of the time they contend was omitted from their pay, along with all supporting documentation.  On May 1, 2012, the Plaintiffs served on Defendants a Statement of Claim requesting compensation for five hours per week that they allegedly worked, but did not record, during break time.  Plaintiffs did not provide any documentation or explanation to support their Statement of Claim, and in fact acknowledge having none.

Defendants move to exclude the Plaintiffs' Statement of Claim, and all related testimony, on relevancy grounds.  According to Defendants, Plaintiffs are not entitled to meet their evidentiary burden through mere recollection.

## **Legal Standard**

The term "in limine" has been defined as "on the threshold; at the very beginning; preliminarily."  *See Luce v. United States*, 469 U.S. 38, 40 (1984) (citing Black's Law Dictionary 708).  Generally speaking, motions in limine are disfavored, as admissibility questions should ordinarily be ruled upon as they arise at trial.  *See Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843 at *1 (M.D. Fla. June 18, 2007).  "The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose."  *Id.*  "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context."  *In re Mirabilis Ventures, Inc.*, 2011 WL 3236027, at *5 (M.D. Fla. July 28, 2011).  Any ruling on a motion in limine "remains subject to reconsideration by the court throughout the trial."  *See Stewart*, 2007 WL 1752843 at *1 (emphasis omitted).  The court's discretion to alter a previous in limine ruling remains in full force, "even if nothing unexpected happens at trial."  *In re Mirabilis Ventures, Inc.*, 2011 WL 3236027, at *5.

## Legal Analysis

Upon consideration, the Court finds that Defendants' Motion should be granted in part. The Court agrees that "absent a credible explanation, the failure of an employee to use a recognized system for reporting and obtaining compensation for overtime work" will not suffice to shift the "burden of evidentiary production" to the employer. *See Joza v. WW JFK LLC*, 2010 WL 3619551, at *29 (E.D.N.Y. Sept. 10, 2010). In this case, however, the Plaintiffs have at least created an issue of fact as to whether there is "a credible explanation" for their failure to record and submit timesheets for actual work performed during break time. Indeed, the Plaintiffs' testimony supports an inference that they were told, or made to believe, by their supervisors or management, that they could not record any time during their breaks, even if they were actually working, for fear of disciplinary action. *See, e.g.*, Gonzalez Dep. at 32 ("Q. And you took those breaks, correct? A. I did not take the breaks. . . . They would say, 'You cannot work so many hours over, or you cannot work these hours daily, all these hours daily. People who did not comply with this are going to have a warning and they are going to be fired."); Diaz Dep. at 36 ("Q. And you always wrote in your correct time, correct? A. As long as I wasn't pressured, yes."); Huaman Dep. at 38-41 ("Q. No one ever told you keep working, but don't record the hours, correct? A. Yes, they did tell me, yes.").

Such testimony is sufficient to permit Plaintiffs to testify, or to offer evidence, based on recollection. The fact that Plaintiffs were responsible for tracking their own hours is of no moment. As one district court explained,

> The FLSA makes clear that employers, not employees, bear the ultimate responsibility for ensuring that employee time sheets are an accurate record of all hours worked by employees. Thus, if plaintiffs have evidence sufficient to support a finding that they were told not to record all their overtime, [the employer] cannot hide behind a policy of having employees keep their own time to avoid compensating the employees for all overtime hours worked, including unrecorded hours.

*Skelton v. Am. Intercont'l Univ. Online*, 382 F. Supp. 2d 1068, 1071-72 (N.D. Ill. Aug. 19, 2005) (citations omitted); *see also Moon v. Technodent Nat'l, Inc.*, 2008 WL 2117053, at *3 (M.D. Fla. May 19, 2008); *Brennan v. GMAC*, 482 F.2d 825, 827-28 (5th Cir. 1973).

But Plaintiffs' recollection must be *specific* enough to enable the jury to draw reasonable inferences as to the actual amount of time worked. *See Moon*, 2008 WL 2117053, at *3 (employee may testify to recollection of hours worked and "need only establish the overtime

work as a 'just and reasonable inference,' meaning that it is perfectly acceptable to ask the jury to 'infer' the extent of the employee's overtime work"); *see also Skelton*, 382 F. Supp. 2d at 1072 ("Plaintiffs bear the burden of proving they performed overtime work for which they were not compensated. This burden, however, is not an unsurmountable one.") (citation omitted). While this is not an onerous burden, the Plaintiffs may not result to guesswork. Plaintiffs' Statement of Claim, which is based on a mere "average" number of hours allegedly worked per week during their break time, appears to have been pulled from thin air. This will not do. Plaintiffs may testify as to the time they worked during break hours, to the extent they specifically recollect it, and the jury may draw whatever reasonable inferences it can from such testimony. But Plaintiffs may not fill in the blanks with speculation, hypothesization, and guesswork. To the extent that Plaintiffs are unable to meet their burden, they have only themselves to blame. They presumably could have subpoenaed records from DHL showing delivery and pick-up times and then cross-referenced such records with the drivers' own timesheets.

## Conclusion

For the reasons explained, the Plaintiffs may offer testimony based on specific recollections of the actual time worked, but not recorded, during their break periods. They may not, however, result to speculative averaging, as they have attempted to do in their Statement of Claim. Such evidence will not be admissible at trial.

**DONE and ORDERED** in chambers at Miami, Florida on May 7, 2012.

_____
**ROBERT N. SCOLA, JR**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record